UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIP SIMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PROGRESSIVE DIRECT )<br>INSURANCE CO., )<br>)<br>Defendant. ) | Case No. 4:09CV1213 CDP |

# **MEMORANDUM AND ORDER**

Plaintiff moves for an order compelling defendant to specify in more detail its affirmative defense that plaintiff failed to mitigate his damages. However, as defendant points out in its response in opposition, plaintiff is not required to file a responsive pleading to this affirmative defense and, accordingly, there is no basis for me to require defendant to state this defense with more particularity. *See* Fed. R. Civ. P. 7(a) & 12(e); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653 (N.D. Tex. 2004).

Although defendants are required under Missouri procedural law to qualify their affirmative defenses with "a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance," Mo. R. Civ. P. 55.08, the Federal Rules of Civil Procedure apply to this action, and they do not contain any similar requirements. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Roberts v.*

*Francis*, 128 F.3d 647, 650-51 (8th Cir. 1997) ("When a federal court hears a diversity case, although the court applies the applicable state substantive law, the Federal Rules of Civil Procedure generally govern.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#26] for a more definite statement is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2010.