UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1213 CDP |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is an underinsured motorist case.  Plaintiff Philip Sims was injured in a

motor vehicle accident on January 13, 2008.  Although Sims recovered some

insurance proceeds from the other driver's insurance company, he claims that this

amount is insufficient to satisfy his medical bills and future expenses arising from

the accident, and he has filed suit against his insurance provider, defendant

Progressive Direct Insurance Company, to recover an amount in excess of what he

has already received.  Trial is scheduled to begin on August 30, 2010, and the

parties have both filed motions to determine the value of the medical treatment

Sims received.  Specifically, they request that I determine whether, under Mo.

Ann. Stat. § 490.715.5, the value of Sims's medical treatment is equal to the

amounts billed or the amount that was actually paid to his medical providers.

Because Sims has submitted sufficient evidence that the amounts billed by certain

providers were reasonable and necessary, I determine that the amount billed by

those medical providers represents the value of his medical treatment.  However,

Sims has failed to support his claim that the amounts billed by Hanger Prosthetics

and Orthotics, Ballwin Chiropractic Center, and St. Charles Sports and Physical

Therapy were reasonable and necessary, so I determine that the value of the

medical treatment by these providers equals the amounts actually paid.

Mo. Ann. Stat. § 490.715.5 provides, in its entirety:

(1) Parties may introduce evidence of the value of the medical
treatment rendered to a party that was reasonable, necessary, and a
proximate result of the negligence of any party.

(2) In determining the value of the medical treatment rendered, there
shall be a rebuttable presumption that the dollar amount necessary to
satisfy the financial obligation to the health care provider represents
the value of the medical treatment rendered.  Upon motion of any
party, the court may determine, outside the hearing of the jury, the
value of the medical treatment rendered based upon additional
evidence, including but not limited to:

(a) The medical bills incurred by a party;

(b) The amount actually paid for medical treatment
rendered to a party;

(c) The amount or estimate of the amount of medical
bills not paid which such party is obligated to pay to any
entity in the event of a recovery.

Notwithstanding the foregoing, no evidence of collateral sources shall
be made known to the jury in presenting the evidence of the value of
the medical treatment rendered.

Mo. Ann. Stat. § 490.715.5.  Essentially, § 490.715.5 establishes a rebuttable

presumption that the amounts actually paid to a medical provider represent the

value of a plaintiff's medical treatment.  *See id.*  However, a plaintiff may rebut

that presumption by presenting other evidence, including medical bills showing

the amounts actually billed by medical providers.  *See id.*

     If a plaintiff submits affidavits from medical providers in an effort to rebut

that presumption, Mo. Ann. Stat. § 490.525 clarifies the requirements for those

affidavits:

> 2.  Unless a controverting affidavit is filed as provided by this
> section, an affidavit that the amount a person charged for a service
> was reasonable at the time and place that the service was provided
> and that the service was necessary is sufficient evidence to support a
> finding of fact by judge or jury that the amount charged was
> reasonable or that the service was necessary.
>
> 3.  The affidavit shall:
>
>> (1) Be taken before an officer with authority to
>> administer oaths;
>>
>> (2) Be made by the person or that person's designee who
>> provided the service;
>>
>> (3) Include an itemized statement of the service and
>> charge.

Mo. Ann. Stat. § 490.525.

     Missouri courts confronting this issue have held that § 490.715.5's

presumption is rebutted when, for example, (1) plaintiffs presented substantial

evidence that they were responsible for paying either the difference between the amount charged and the amount paid by insurance, or the full amount charged if insurance paid nothing, *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 771 (Mo. 2010) (en banc); and (2) plaintiff submitted health care provider affidavits attesting to the reasonableness of the amounts plaintiff was billed for medical treatment rendered, *Berra v. Danter*, 299 S.W.3d 690, 695-98 (Mo. Ct. App. 2009); *but see Hall v. Wal-Mart Stores, East, LP*, No. SD 29938, 2010 WL 1730048, at *1-2, (Mo. Ct. App. Apr. 30, 2010) (plaintiff's affidavits from medical providers submitted pursuant to Mo. Ann. Stat. § 490.525 failed to rebut § 490.715's presumption when "some of [plaintiff's] affidavits make no mention of the charges or their reasonableness," and because § 490.525 permits a court to find the amounts billed were reasonable, but "it does not so *require.*") (emphasis in original).

Here, Sims claims that the amounts billed by his health care providers equals the value of his medical treatment.  In support of that claim, Sims points to the testimony of Drs. Stanley Martin and Roy Hillgartner, as well as affidavits from his medical providers' custodians of records.  Sims never submitted an affidavit or other form of testimony from Dr. Hillgartner, but instead contends that Dr. Hillgartner will testify live at trial that the amounts billed by Sims's medical providers were reasonable and necessary and represent the value of Sims's

medical treatment.  But § 490.715.5(2) provides that I must decide this issue
"outside the hearing of the jury," so Dr. Hillgartner may not testify as to this issue
at trial.  In any event, I determine that Dr. Martin's deposition testimony – that the
amounts billed by some of Sims's medical providers represent the reasonable
value of the services rendered – is sufficient to rebut § 490.715.5(2)'s presumption
with respect to these providers.  In particular, Dr. Martin testified that he reviewed
the amounts billed by (1) St. Charles County Ambulance; (2) St. Joseph's Health
Center; (3) Metropolitan Neurosugery, Inc.; (4) First Capitol Family Medicine;
and (5) Radiologic Imaging Consultants LLP and/or Metro Imaging; and that the
amounts billed were reasonable.  As Progressive contends, Dr. Martin's testimony
is admittedly equivocal, but he does testify that the amounts billed are "reasonable
and customary charges," and that they "probably" do represent the "reasonable
value of the service that was rendered."  Accordingly, I conclude that this
testimony rebuts § 490.715.5(2)'s presumption, and that the value of Sims's
medical treatment rendered equals the amounts billed by each of these five
providers.

    However, Sims also presents affidavits from medical providers – Hanger
Prosthetics and Orthotics, Ballwin Chiropractic Center, and St. Charles Sports and
Physical Therapy – that Dr. Martin's testimony does not support.  Specifically, Dr.
Martin did not testify that he reviewed the amounts billed by Ballwin Chiropractic.

In fact, Dr. Martin did not testify about Ballwin at all. Dr. Martin did testify that he reviewed amounts billed by Hanger and St. Charles Sports and Physical Therapy, but the amounts Dr. Martin testified about are smaller than the amounts reflected in the affidavits submitted by Sims now[1]. Accordingly, these affidavits form the only possible evidentiary basis for me to conclude that the amounts billed by these three medical providers were reasonable and that the services rendered were necessary. Mo. Ann. Stat. § 490.525.3(2) requires that such "[b]e made by the person or the person's designee who provided the service." Progressive objects that these affidavits fail to satisfy § 490.525.3(2), because they are from the medical providers' custodian of records, not the actual medical provider or physician who treated Sims.

I have not found any cases in which Missouri courts have analyzed who may qualify as a medical provider's designee, but the custodians of records do not aver in these three affidavits that they are the providers' designees or that they have any personal knowledge of the treatment Sims received. Nor do these custodians aver that they have expertise in the reasonableness of medical bills, or the necessity of medical services Sims received. *Cf. St. Luke's Episcopal-Presbyterian Hosp.*, 957 S.W.2d 496, 498-99 (Mo. Ct. App. 1997) (hospital's

---

[1]At his deposition, Dr. Martin testified that the amount billed by Hanger was $78.00, but the affidavit from Hanger's custodian of records reveals that Hanger billed $146.00. Similarly, Dr. Martin testified that St. Charles Sports and Physical Therapy billed $2292.02, but St. Charles's custodian avers in her affidavit that St. Charles billed $2322.07.

credit assistant qualified to testify about the reasonableness of hospital's bills when she testified that "she had worked for the hospital for seven years and dealt with bills as a part of her duties"; and that "she was familiar with the method by which the hospital established its charges; namely, the hospital used a periodic survey of hospitals within the area to determine if its charges were in line with those of other hospitals."). And, unlike Dr. Martin, these custodians are not physicians with histories of treating patients. Accordingly, I conclude their affidavits are insufficient under § 490.525.

But even if the affidavits are sufficient under § 490.525, that does not mean that I am required to hold that Sims has rebutted § 490.715.5(2)'s presumption that the value of the medical treatment he received from these three providers equals the amounts actually paid. *See* 490.715.5(2) ("Upon motion of any party, the court *may* determine, . . . the value of the medical treatment rendered based upon additional evidence . . . . ") (emphasis added); *Hall*, 2010 WL 1730048, at *1 (even if plaintiff's affidavits were sufficient under § 490.525.2 to support a finding that the amounts billed were reasonable, trial court was not required under § 490.715.5(2) to determine that the value of plaintiff's equaled the amounts billed). Given the affiants' lack of personal knowledge or expertise, and the fact that Missouri law does not require me to hold that the value of medical expenses equals the amounts billed even in the face of adequate affidavits, I conclude that

the value of Sims's medical treatment with respect to Hanger Prosthetics and
Orthotics, Ballwin Chiropractic Center, and St. Charles Sports and Physical
Therapy equals the amounts actually paid to satisfy these providers.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to determine the value
of his medical bills [#34] is granted in part and denied in part to the extent that the
value of his medical treatment equals the amounts billed by St. Charles County
Ambulance District; St. Joseph's Health Center; Metropolitan Neurosurgery, Inc.;
First Capitol Family Medicine; and Radiologic Imaging Consultants LLP and/or
Metro Imaging.

**IT IS FURTHER ORDERED** that defendant's motion for a ruling on the
reasonableness of plaintiff's medical bills [#32] is granted in part and denied in
part to the extent that the value of plaintiff's medical treatment equals the amounts
actually paid to Hanger Prosthetics and Orthotics, Ballwin Chiropractic Center,
and St. Charles Sports and Physical Therapy.

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing [#35] is
denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2010.

- 8 -